UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STANDARD INSURANCE COMPANY,

    Plaintiff,

v.

CAROL NELSON and VICTORIA SIMPSON,

    Defendants.

CASE NO. C07-0140RSM

ORDER GRANTING MOTION
FOR JUDGMENT IN
INTERPLEADER

## I. INTRODUCTION

This matter comes before the Court on plaintiff's Motion for Judgment in Interpleader. (Dkt. #12). Plaintiff argues that it properly filed an interpleader action under Federal Rule of Civil Procedure 22, that it deposited the extent of its policy limit, $197,500.00, with the Court, and is now properly dischargeable from this suit as a disinterested stakeholder. Plaintiff also argues that defendants should be enjoined from prosecuting claims against plaintiff relating to the contested benefit and that plaintiff should be awarded attorney's fees and costs to be deducted from the funds deposited with the Court. Defendants have failed to respond to the motion.

Having reviewed plaintiff's motion and the remainder of the record, and for the reasons set forth below, the Court hereby GRANTS plaintiff's motion for judgment in interpleader.

ORDER
PAGE – 1

## II. DISCUSSION

### A. Background

On April 26, 2007, plaintiff filed the instant interpleader action, naming Carol Nelson and Victoria Simpson as defendant-claimants. Plaintiff states that it issued a group life insurance policy to the City of Seattle. Kenneth K. Watanabe, as an eligible employee of the City, applied for life insurance coverage in October 2002. At that time Mr. Watanabe named Carol Nelson as the sole beneficiary. The dispute in this action revolves around whether Mr. Watanabe validly changed his sole beneficiary designation from Carol Nelson to Victoria Simpson, via the City's online application.

In January of 2006, Mr. Watanabe died. The plaintiff does not dispute that benefits under the policy are due and payable to the beneficiary or beneficiaries of the policy. As of Mr. Watanabe's death, the benefit amount was $197,500.00. On February 7, 2007, Plaintiff deposited the policy benefit amount of $197,500.00 with the Court.

### B. Discharge of stakeholder

Once it has been determined that an interpleader action is appropriate, federal courts are entitled to discharge a disinterested stakeholder in an interpleader action. *Gen. Elec. Capital Assurance v. Van Norman*, 209 F. Supp. 2d 668, 670 (S.D. Tex. 2002) (dismissing stakeholder in rule interpleader action); *see* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. § 1704 (3d ed. 2001) (hereinafter "Wright, Miller & Kane"). Federal courts maintain subject matter jurisdiction over rule interpleader actions even when the diverse stakeholder is dismissed, leaving co-citizen claimants to litigate the outcome of the stake in controversy. 7 Wright, Miller & Kane § 1710 ("federal courts wisely have chosen to proceed to the second stage of interpleader either on the notion that once diversity jurisdiction exists in a rule-interpleader case it is not lost when the stakeholder is discharged or by invoking the theory

ORDER
PAGE – 2

that there is ancillary jurisdiction over the second stage of the interpleader.") (internal citations omitted).

In the instant case, there appears to be no question that plaintiff is entitled to file an interpleader action, plaintiff has disclaimed any further interest in the proceeds of the insurance policy at issue, and defendants have declined to object to the motion. Accordingly, the Court finds that discharge is appropriate and GRANTS plaintiff's motion for discharge. *See GE Capital Assur. v. Van Norman*, 209 F. Supp.2d 668, 670 (S.D. Tex. 2002); *Equitable Life Assurance Soc. v. Miller*, 229 F. Supp. 1018 (D. Minn. 1964) (finding that when interpleader is proper, discharge is justified); *Savannah Bank & Trust Co. v. Block*, 175 F. Supp. 798 (S.D. Ga. 1959).

**C. Injunction**

Plaintiff also requests that the Court enjoin defendants from prosecuting any other claims against plaintiff relating to the benefit under the insurance policy. Plaintiff argues that 28 U.S.C. § 2361 permits the Court to issue such an injunction. However, "[s]ection 2361 only authorizes injunctions against other judicial proceedings in statutory-interpleader actions; it does not apply to rule interpleader." 7 Wright, Miller & Kane § 1717; *See Cordner v. Metropolitan Life Ins. Co.*, 234 F. Supp. 765, 767 (D.C. N.Y. 1964) ("Section 2361 also provides, as Rule 22(1) does not, for the issuance of injunctions . . . "). Plaintiffs have filed this interpleader action under Rule 22, and therefore do not have § 2361 at their disposal.

Even though § 2361 does not apply in this rule interpleader action, a court may grant the injunction requested by plaintiff under 28 U.S.C. § 2283. A federal court may permit an injunction against claimants to an interpleader action where it is "necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; *Emmco Ins. Co. v. Frankford Trust Co.*, 352 F. Supp. 130, 132-133 (D.C. Pa. 1972) (enjoining claimants in rule

ORDER
PAGE – 3

interpleader action from further action against stakeholder under § 2283).  Plaintiff requested that "[t]o protect Standard from competing claims by Defendants, the Court should enjoin Defendants from prosecuting all claims against Standard relating to the benefit under the Policy, and to instead assert their claims only in this proceeding." (Dkt. #12 at 4).   This District's Local Rules state that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."  Local Rule CR 7(b)(2).  Upon review of the record and plaintiff's request, the Court further finds that an injunction would aid in this Court's jurisdiction and would protect the judgment upon conclusion of this proceeding.  Accordingly, plaintiff's motion to enjoin defendants is GRANTED.

### D. Attorneys fees and costs

Finally, plaintiff has requested an award for its reasonable attorney fees and costs incurred in this interpleader action, to be deducted from the funds deposited to the Court and paid to plaintiff.  The Ninth Circuit has recognized that a plaintiff "in an action in the nature of interpleader . . . should be awarded attorney fees for the services of his attorneys in interpleading." *Schrimer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962) (awarding attorney fees and costs related to interpleading in statutory interpleader action).  Defendants have failed to provide any reason why this Court should not exercise its discretion to award reasonable attorney fees and costs to the plaintiff.  Therefore, the court GRANTS plaintiff's motion for reasonable attorneys fees and costs.

However, plaintiff has not yet provided documentation supporting its request for fees.  <u>Plaintiff shall file a motion for such fees and costs, setting forth the specific amount requested with supporting documentation.  Plaintiff shall properly note the motion pursuant to the Court's Local Rules</u>.

### III. CONCLUSION

ORDER
PAGE – 4

1   Having reviewed plaintiff's Motion for Judgment in Interpleader and the remainder of the
2   record, the Court does hereby find and ORDER:

3   (1) Plaintiff's Motion for Judgment in Interpleader (Dkt. #12) is GRANTED. Plaintiff is
4   hereby fully discharged from this action with prejudice, and with fees and costs to be determined
5   on plaintiff's subsequent motion.

6   (2) The Clerk is directed to forward a copy of this Order to all counsel of record.

7   DATED this 17th day of May, 2007.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 5